UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LIONEL TREMAIN GILMORE | * | CIVIL ACTION NO: _____ |
| | * | |
| VERSUS | * | |
| | * | SECTION _____ |
| AGENT MATTHEW WOLFE, DETECTIVE | * | |
| GERRICA SMITH, CORPORAL CHAD | * | |
| COLLINS, CORPORAL K. DANIELS, | * | |
| CORPORAL JON MISTRETTA, AND | * | JUDGE _____ |
| AGENT GREEN, INDIVIDUALLY AND IN | * | |
| THEIR OFFICIAL CAPACITY AS EMPLOYEES | * | |
| OF EAST BATON ROUGE PARISH SHERIFF | * | |
| AND EAST BATON ROUGE PARISH | * | MAG._____ |
| SHERIFF SID J. GAUTREAUX, III | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes, LIONEL TREMAIN GILMORE, a major of full age and majority and resident and domiciliary of the Parish of East Baton Rouge, State of Louisiana, who respectfully represents the following:

1.

This Civil Complaint is brought pursuant to Title 42 U.S.C. Sections 1981, 1983, 1985 (3), 1986 and 1988 as an action of law to redress the intentional malicious and discriminatory deprivation under color of law, statute, ordinance, regulation, custom or usage of the rights, privileges, or immunities secured to Petitioner by the Constitution of the United States, including, but not necessarily limited to the Second Amendment, the Fourth Amendment, the Fifth Amendment, the Sixth Amendment, the Fourteenth Amendment, and/or by Acts of Congress and the U.S. Constitutions, and further asserts claims pursuant to the Constitution of the State of Louisiana and other pertinent statutes, laws and ordinances of this State.

## *JURISDICTION*

2.

Jurisdiction is vested in this Honorable Court under 28 U.S.C. Section 1331 and/or 28 U.S.C. Section 1343. Pendent jurisdiction is asserted for all claims cognizable under the laws of the State of Louisiana.

## *PARTIES*

3.

The following are made defendants herein:

A. **AGENT MATTHEW WOLFE**, individually, and in his official capacity as a duly commissioned law enforcement officer of the Parish of East Baton Rouge, a person of the full age of majority and, upon information and belief, a resident and domiciliary of the Parish of East Baton Rouge, State of Louisiana;

B. **DETECTIVE GERRICA SMITH**, individually, and in her official capacity as a duly commissioned law enforcement officer of the Parish of East Baton Rouge, a person of the full age of majority and, upon information and belief, a resident and domiciliary of the Parish of East Baton Rouge, State of Louisiana;

C. **CORPORAL CHAD COLLINS**, individually, and in his official capacity as a duly commissioned law enforcement officer of the Parish of East Baton Rouge, a person of the full age of majority and, upon information and belief, a resident and domiciliary of the Parish of East Baton Rouge, State of Louisiana;

D. **CORPORAL K. DANIELS**, individually, and in his official capacity as a duly commissioned law enforcement officer of the Parish of East Baton Rouge, a person of the full age of majority and, upon information and belief, a resident and domiciliary of the

Parish of East Baton Rouge, State of Louisiana;

E. **CORPORAL JON MISTRETTA**, individually, and in his official capacity as a duly commissioned law enforcement officer of the Parish of East Baton Rouge, a person of the full age of majority and, upon information and belief, a resident and domiciliary of the Parish of East Baton Rouge, State of Louisiana;

F. **AGENT GREEN**, individually, and in his official capacity as a duly commissioned law enforcement officer of the Parish of East Baton Rouge, a person of the full age of majority and, upon information and belief, a resident and domiciliary of the Parish of East Baton Rouge, State of Louisiana;

G. **EAST BATON ROUGE PARISH SHERIFF, SID J. GAUTREAUX, III**, in his official capacity as Sheriff of East Baton Rouge Parish, an adult citizen of the State of Louisiana and based on information and belief, domiciled in the Parish of Louisiana.

4.

All of the aforementioned Defendants are bound jointly, severally and *in solido* unto your Petitioner, LIONEL TREMAIN GILMORE, in an amount fair and reasonable under the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, including attorney's fees, for the following reasons, to-wit:

5.

At all times pertinent hereto, DEFENDANTS were employed as Deputies and/or Officers for the East Baton Rouge Parish Sheriff and was acting in the course and scope of their employment, and all acts and/or omissions were performed under the color of statutes and ordinances of the Parish of East Baton Rouge and the laws of the State of Louisiana.

## FACTUAL ALLEGATIONS

6.

On or about May 2, 2014, Narcotic Agents planned to take Petitioner, LIONEL TREMAIN GILMORE, into custody upon observing Petitioner outside his apartment.

7.

Agents Green and M. Wolfe iBM#2285 accompanied Corporal Jon Mistretta iBM#0568 while driving his unmarked E.B.R.S.O. unit toward the Petitioner's residence. Shortly thereafter, Corporal Collins or Daniels advised over portable radio (channel Narc 1) that the Petitioner was outside in his car and they were going to take him down. Seconds later, "Shots fired! Shots fired!" was said over Narc 1.

8.

Lieutenant E. Jones iBM#0863 was driving his unmarked unit on Tigerland Avenue in front of Corporal Mistretta as "Shots fired!" was broadcast. Communications was monitoring the channel and was aware of the situation. Narcotic Agents turned left on Jim Taylor Drive followed by an immediate left on Y.A. Tittle Avenue. Corporal Mistretta and Agent Green observed flashing blue emergency lights from unmarked unites and turned left into the parking lot.

9.

From Agent Green's point of view, Corporal Daniels was standing near the front of his unit pointing his handgun in the direction of two vehicles parked in the far left corner. Corporal Daniels' unit was next to the apartment building facing the direction of the suspect.

10.

Corporal Collins was seen moving from the driver's side of his unit to the passenger side. Corporal Collins' unit was parked immediately to the right as Corporal Mistretta entered the parking lot. Agent Green remembered Agent Smith's unmarked unit parked adjacent to Croporal Daniels', but towards the middle of the row.

11.

As Agent Green exited the unit he immediately drew his handgun and moved left while observing Petitioner lying on his stomach with his arms at his sides. Agent Wolfe was behind Agent Green and there was no hesitation while running toward the Petitioner. Agent Green did not view any weapons in the immediate area nor were wounds visible on the rear of the suspect. Agent Wolfe held cover while Agent Green patted the suspect down for weapons prior to rolling Petitioner onto his back. Again, no weapons were present.

12.

The upper middle portion of the Petitioner's head was bleeding and a gunshot wound was apparent. Agent Green inspected the Petitioner's chest and stomach area before removing Petitioner's shoes followed by Petitioner's pants looking for additional wounds. The Petitioner did not appear shot or to be bleeding in any other areas. A small half moon type abrasion was noticed on the suspect's upper right chest, but it did not appear problematic.

13.

The Petitioner was transported to Our Lady of the Lake Hospital. Agent Green joined the paramedics inside the ambulance during the ride to the emergency room.

14.

Agent Green questioned the Petitioner as to how many times he shot his gun, and Petitioner stated, "I never had a gun" and denied using a gun.

15.

The Petitioner was offloaded from the ambulance upon arrival to the emergency room and rolled into the Trauma room where medical staff began treatment.

16.

The Petitioner was eventually brought to another room to receive a computerized axial tomography (C.A.T.) scan. Upon completion, the medical doctor displayed the results on a computer monitor and informed Agent Green that the Petitioner had bullet fragmentation inside his brain. The doctor advised that a neurologist was required at this point. The Petitioner was returned to the aforementioned trauma room.

17.

Plaintiff avers that a no point before or during the assault or his incarceration and at no point thereafter, was he informed of his Miranda Rights and/or the charges alleged against him by neither Defendants, nor any Officers for the EAST BATON ROUGE PARISH SHERIFF.

18.

To date, Petitioner is suffering with severe, permanent and debilitating injuries requiring surgery, extensive therapy and follow-up care. As a result of the malicious assault and battery by DEFENDANTS, Petitioner suffered the following injuries to wit:

A. Head injuries;

B. Shoulder injuries;

C. Multiple lacerations and bruises;

D.  Pain, swelling, stiffness and soreness in the affected areas set forth herein;

E.  Restrictive movement of the affected areas set forth herein;

F.  Sleeplessness, frustration, psychological depression; and

G.  Other injuries to be fully explained and set out in Petitioners medical records and/or to be proven at the trial of this matter.

19.

As a direct and proximate result of the acts and of DEFENDANTS, Petitioner, LIONEL TREMAIN GILMORE, continues to feel pain, embarrassment, humiliation and debilitating mental anguish together with psychological trauma, including though not limited to Post Traumatic Stress Disorder, depression, sleep deprivation, nightmares, and flashbacks from injuries caused by the DEFENDANTS. In addition, he has been deprived of his physical and mental liberties, and was forced to incur legal expenses, medical expenses and related costs including though not limited to the following:

A.  Past, present and future medical expenses;

B.  Past, present, and future surgical expenses;

C.  Past, present and future physical and emotional pain and suffering;

D.  Past, present, and future mental anguish, pain, and distress;

E.  Physical disabilities and impairment;

F.  Loss of enjoyment of life;

G.  Any and all other damages which shall be provided following discovery and upon the trial of this matter.

20.

At all times pertinent to these allegations, Petitioner, LIONEL TREMAIN GILMORE, was unarmed, and did not pose a threat of death or bodily injury to the DEFENDANTS.

21.

At no time whatsoever did DEFENDANTS have probable cause or reasonable suspicion to believe Petitioner had committed or was committing a crime.

22.

DEFENDANTS acted with malice toward Petitioner, LIONEL TREMAIN GILMORE, and with willful and wanton indifference to and deliberate regard for the statutory and constitutional rights of Petitioner. The DEFENDANTS actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

23.

Upon information and belief, at all times pertinent herein, DEFENDANTS permitted and tolerated a pattern and practice of excessive and/or unnecessary use of force by deputies and officers for the EAST BATON ROUGE PARISH SHERIFF, on the day of the subject incident.

24.

Upon information and belief, DEFENDANTS have maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate the practice of excessive and/or unnecessary use of force by deputies and officers.

25.

The acts, omissions, systemic flaws, policies, and customs of DEFENDANTS have caused and other officers and deputies for the EAST BATON ROUGE PARISH SHERIFF to believe that the excessive and/or unnecessary use of force would not be aggressively, honestly,

and properly investigated, with the foreseeable result that deputies and officers are more likely to use excessive or unnecessary force against Petitioner, LIONEL TREMAIN GILMORE and others in the future, such as the excessive and/or unnecessary force used by DEFENDANTS on the day of the subject incident.

*CLAIMS FOR RELIEF*

**COUNT I. VIOLATION OF CONSTITUTIONAL RIGHTS**

26.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 25.

27.

The intentional assault and battery of Petitioner, LIONEL TREMAIN GILMORE, by DEFENDANTS violated the rights of Petitioner as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, for which the Defendant Officer is individually liable.

**COUNT II. VIOLATION OF CONSTITUTIONAL RIGHTS**

28.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 27.

29.

The intentional use of excessive and/or unnecessary force against Petitioner by DEFENDANTS, when Petitioner was unarmed and did not pose a threat of death or bodily injury to DEFENDANTS or others, when DEFENDANTS had no lawful authority to detain Petitioner or to use force against him, was done with malice toward Petitioner and with willful and wanton

indifference to and deliberate disregard for the Constitutional rights of Petitioner, LIONEL TREMAIN GILMORE. Petitioner is thus entitled to punitive damages, in addition to all available compensatory and special damages.

## COUNT III. VIOLATION OF CONSTITUTIONAL RIGHTS

30.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 29.

31.

It was the policy and practice of DEFENDANTS to cover up the use of excessive and/or unnecessary force despite the lack of probable cause to arrest or any actual violation which would justify their actions. This policy and practice of DEFENDANTS encouraged and cause constitutional violations by police officers for the EAST BATON ROUGE PARISH SHERIFF, including the violation for Petitioner's constitutional rights by DEFENDANTS described in the foregoing paragraphs.

32.

At all times pertinent hereto, DEFENDANTS, and unknown supervisors, to be identified with discovery, who supervised the officers who unlawfully violated Petitioner's rights, encouraged and tolerated the policies and practices described in the foregoing paragraphs; said DEFENDANTS refused to adequately train, direct, supervise, or control DEFENDANTS, so as to prevent the violation of Petitioner's constitutional rights.

33.

At all times pertinent hereto DEFENDANTS were acting within the course and scope of their employment and pursuant to the aforementioned policies and practices of the EAST

BATON ROUGE PARISH SHERIFF. These policies and practices were enforced by EAST BATON ROUGE PARISH SHERIFF and were the moving force, proximate cause, and/or affirmative link behind the conduct by DEFENDANTS which caused the Petitioner's injuries. EAST BATON ROUGE PARISH SHERIFF SID J. GAUTREAUX, III is therefore liable for the violations of Petitioner's constitutional rights by DEFENDANTS.

**COUNT IV. VIOLATION OF STATUTORY CIVIL RIGHTS**

34.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 33.

35.

The intentional use of excessive and/or unnecessary force against Petitioner by DEFENDANTS, when Petitioner was unarmed and did not pose a threat of death or bodily injury to DEFENDANTS or others, when DEFENDANTS had no lawful authority to arrest Petitioner or to use force against him, was done with actual malice toward Petitioner and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Petitioner.

**COUNT V. ASSAULT AND BATTERY**

36.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 35.

37.

The use of physical force by DEFENDANTS, when DEFENDANTS had no lawful authority to arrest Petitioner, when Petitioner was unarmed and did not pose a threat of death or bodily injury to the DEFENDANTS, LIONEL TREMAIN GILMORE, was without justification

and/or provocation, was discriminatory and excessive, and further the actions constitute assault and battery for which DEFENDANTS are individually liable.

38.

As a proximate result of the assault and battery committed by DEFENDANTS, Petitioner has sustained injuries and has incurred attorneys' fees and legal expenses, medical expenses, and other related expenses. These injuries have caused and will continue to cause Petitioner devastating anguish, suffering, humiliation, embarrassment, and psychological trauma.

39.

The intentional harassment and unlawful arrest of Petitioner by DEFENDANTS, when Petitioner was unarmed and did not pose a threat of death or bodily injury to the DEFENDANTS, when he did not have lawful authority to arrest Petitioner or to use force against him, was done with actual malice toward Petitioner and with willful and wanton indifference to and deliberate disregard for human life and the rights of Petitioner. Petitioner is thus entitled to punitive damages, in addition to all available compensatory and special damages.

## COUNT VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 39.

41.

DEFENDANTS, intentionally abused, humiliated and embarrassed Petitioner in a manner that was extreme, outrageous, and unjustified, causing Petitioner to suffer physical, emotional, and psychological distress for which DEFENDANTS are individually liable.

42.

The intentional use of excessive and/or unnecessary force against Petitioner by DEFENDANTS was unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Petitioner. Petitioner is thus entitled to punitive damages, in addition to all available compensatory and special damages.

**COUNT VII. NEGLIGENCE**

43.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 42.

44.

DEFENDANTS while acting as agent and employee for EAST BATON ROUGE PARISH SHERIFF'S OFFICE, in their official capacity as a deputy and/or officer for EAST BATON ROUGE PARISH SHERIFF'S OFFICE, owed a duty to Petitioner to perform police duties without the use of excessive and/or unnecessary force. DEFENDANT'S use of force upon Petitioner, when Petitioner had not committed a crime, was unarmed and did not pose a threat of death or bodily injury to DEFENDANTS or others constitutes negligence for which DEFENDANTS are individually liable.

45.

DEFENDANTS use of force upon Petitioner when DEFENDANTS had no lawful authority to arrest Petitioner or to use force against him constitutes negligence for which DEFENDANTS are individually liable.

46.

As a proximate result of DEFENDANTS' negligent use of excessive and/or unnecessary

force, Petitioner has sustained seriously debilitating and incapacitating injuries and has incurred legal expenses, medical expenses, and other related expenses. These injuries have caused and will continue to cause Petitioner great anguish, suffering, humiliation, embarrassment, and psychological trauma.

**COUNT VIII. NEGLIGENCE**

47.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 46.

48.

The use of excessive and/or unnecessary force against Petitioner by DEFENDANTS, when Petitioner was unarmed and did not pose a threat of death or grievous bodily injury to DEFENDANTS or others, and when DEFENDANTS had no lawful authority to arrest and/or detain Petitioner or use excessive or unnecessary force against him, was done with willful and wanton indifference to and deliberate disregard for human life and the rights of Petitioner. Petitioner is thus entitled to punitive damages, in addition to all available compensatory and special damages.

**COUNT IX. NEGLIGENCE**

49.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 48.

50.

At all times pertinent hereto, DEFENDANTS, were acting within the course and scope of their official employment as a deputies and/or officers of the EAST BATON ROUGE PARISH

SHERIFF.

51.

DEFENDANTS are thus liable for compensatory and special damages for the egregious acts committed with regard to the subject incident which include maintaining customs and practices permitting the use of excessive and/or unnecessary force and the excessive and/or unnecessary force of the Deputies, respectively.

**COUNT X. NEGLIGENCE**

52.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 51.

53.

EAST BATON ROUGE PARISH SHERIFF owed a duty to Petitioner to train, supervise and otherwise control, DEFENDANTS/police officers and deputies in the use of force, and other matters incidental to the exercise of police functions. EAST BATON ROUGE PARISH SHERIFF, failed to provide adequate training, supervision, and/or control of DEFENDANTS and this willful and wanton failure constitutes negligence.

54.

As a proximate result of EAST BATON ROUGE PARISH SHERIFF negligently failing to provide adequate training, supervision, and control of DEFENDANTS, Petitioner, has sustained permanent injuries and has incurred and will continue to incur general and special damages. These injuries have caused and will continue to cause Petitioner pain, suffering, emotional distress, humiliation, embarrassment, and psychological trauma.

## COUNT XI. NEGLIGENCE

55.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations contained in paragraphs 1 through 54.

56.

EAST BATON ROUGE PARISH SHERIFF has failed to provide adequate training and supervision to DEFENDANTS/ its deputies and officers which constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Petitioner. Petitioner is thus entitled to punitive damages for such negligent disregard which proximately contributed to injuries inflicted by DEFENDANTS, on the day of the subject incident.

## COUNT XII. MALICIOUS ABUSE OF PROCESS, FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION

57.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations in paragraphs 1 through 56.

58.

DEFENDANTS, unlawfully detained, arrested and imprisoned Petitioner, LIONEL TREMAIN GILMORE. Petitioner's freedom was restricted when he was wounded by a gunshot, attacked, and handcuffed, by DEFENDANTS, and subsequently forced to remain in Defendant's custody. Petitioner was restrained against his will without a warrant or any other legal authority or basis and further charged with crimes he did not commit. Said actions constitute malicious abuse of process, false arrest, false imprisonment and malicious prosecution.

59.

As a proximate result of this malicious abuse of process, false arrest, false imprisonment and malicious imprisonment, Petitioner has suffered the damages and excruciating as aforesaid.

### COUNT XIII. INVASION OF PRIVACY

60.

Petitioner, LIONEL TREMAIN GILMORE, incorporates herein by reference the allegations in paragraphs 1 through 59.

61.

DEFENDANTS unreasonably intruded upon Petitioner's physical solitude and/or seclusion thereby invading Petitioner's right to be let alone. Said DEFENDANTS' conduct was unreasonable and seriously interfered with Petitioner's privacy interests.

62.

As a proximate result of this invasion of privacy, Petitioner sustained the damages aforesaid.

63.

Defendants are liable unto Petitioner, LIONEL TREMAIN GILMORE, jointly, severally, and *in solido*.

### *ATTORNEY'S FEES*

64.

Undersigned counsel, Rolando Urbina, specifically plead their rights to attorney's fees as authorized by the Civil Rights Attorneys Fess Awards Act of 1976 (amending Title 42 U.S.C. Sec. 1988) for their actions in enforcing Sections 1981, 1983, 1985(3), 1986, 1988 of Title 42 of the United States Code.

65.

Petitioner, LIONEL TREMAIN GILMORE, is entitled to and request a trial by jury on all issues here.

66.

WHEREFORE, Petitioner, LIONEL TREMAIN GILMORE, prays that:

DEFENDANTS, individually and in their official capacity as DEPUTIES AND/OR OFFICERS OF EAST BATON ROUGE PARISH SHERIFF AND EAST BATON ROUGE PARISH SHERIFF SID J. GAUTREAUX, III, be duly served with a copy of the foregoing Complaint and after legal delays have expired that there be Judgment in favor of Petitioner.

Petitioner further prays that this Court award compensatory damages against the DEFENDANTS, individually and in their official capacity as DEPUTIES AND/OR OFFICERS OF EAST BATON ROUGE PARISH SHERIFF AND EAST BATON ROUGE PARISH SHERIFF SID J. GAUTREAUX, III, and each of them jointly and severally, and *in solido,* in the amount reasonable in the premises and award punitive damages against the named DEFENDANTS herein, and award costs of this action, including attorney's fees, and an award such other and further relief as this Court may deem appropriate in favor of the Petitioner, LIONEL TREMAIN GILMORE.

Petitioner further prays that this Court exercise its pendent jurisdiction and hear any and all state claims against DEFENDANTS, individually and in their official capacity as DEPUTIES AND/OR OFFICERS OF EAST BATON ROUGE PARISH SHERIFF AND EAST BATON ROUGE PARISH SHERIFF SID J. GAUTREAUX, III.

Respectfully Submitted:

BY: /s/ Rolanda Urbina
ROLANDO URBINA (#34129)
412 N. 4th Street, Suite 102
Baton Rouge, Louisiana 70802
Telephone: (225) 400-5225
Facsimile: (225) 412-0470

**PLEASE SERVE:**
AGENT MATTHEW WOLFE
East Baton Rouge Parish Sheriff's Office
8900 Jimmy Wadell Drive
Baton Rouge, LA 70807;

DETECTIVE GERRICA SMITH
East Baton Rouge Parish Sheriff's Office
8900 Jimmy Wadell Drive
Baton Rouge, LA 70807;

CORPORAL CHAD COLLINS
East Baton Rouge Parish Sheriff's Office
8900 Jimmy Wadell Drive
Baton Rouge, LA 70807;

CORPORAL K. DANIELS
East Baton Rouge Parish Sheriff's Office
8900 Jimmy Wadell Drive
Baton Rouge, LA 70807;

CORPORAL JON MISTRETTA
East Baton Rouge Parish Sheriff's Office
8900 Jimmy Wadell Drive
Baton Rouge, LA 70807;

AGENT GREEN
East Baton Rouge Parish Sheriff's Office
8900 Jimmy Wadell Drive
Baton Rouge, LA 70807; and

SHERIFF SID J. GAUTREAUX, III
East Baton Rouge Parish Sheriff's Office
8900 Jimmy Wadell Drive
Baton Rouge, LA 70807.