UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIONEL TREMAIN GILMORE                                   CIVIL ACTION

VERSUS

MATTHEW WOLFE, ET AL.                         NO.: 15-00280-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 9)** filed by East Baton Rouge Parish Sheriff Sid J. Gautreaux, III ("Sheriff Gautreaux") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and a **Motion to Dismiss (Doc. 19)** filed by Corporal Chad Collins, Corporal Kristopher Daniels, Corporal Matthew Wolfe, Unknown Green,[1] and Sergeant Jon Mistretta (collectively, "Defendants") pursuant to Rule 12(b)(5). Plaintiff Lionel Tremain Gilmore ("Plaintiff") has responded to both motions with memoranda in opposition, (Docs. 11, 21), to which Sheriff Gautreaux and Defendants have replied, (Doc. 30, 31). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367. Oral argument is not necessary. For reasons explained herein, Sheriff Gautreaux's **Motion to Dismiss (Doc. 9)** is **GRANTED** and Defendants' **Motion to Dismiss (Doc. 19)** is **DENIED**.

---

[1] Although Defendants' Motion to Dismiss (Doc. 19) refers to "Unknown Green" as "Corporal James Wesley Green," neither party has moved to amend the name of the party referred to as "Unknown Green" on the docket sheet. Therefore, the Court will continue to refer to "Corporal James Wesley Green" as "Unknown Green."

## I.   BACKGROUND

In somewhat unclear terms,[2] Plaintiff asserts that he was unnecessarily shot by Defendants seeking to arrest him on or about May 2, 2014. (*See* Doc. 1 at pp. 4—9). For his resultant injuries, Plaintiff seeks monetary damages from: (a) Defendants acting in their individual and official capacities, and (b) Sheriff Gautreaux acting in his official capacity[3] as the Sherriff of East Baton Rouge Parish. (*Id*. at pp. 2—3, 6—7). Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988. (*Id*. at p. 17).

## II.   MOTIONS TO DISMISS

### A.   Plaintiff's Official Capacity Claims Against Sheriff Gautreaux Must be Dismissed Pursuant to Rule 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, a complaint must (a) state a claim upon which relief can be granted, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and (b) provide the Court with sufficient factual content from which "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When evaluating a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded facts as true and views them in a light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

Plaintiff's Complaint does not assert that an official "policy statement, ordinance, regulation, or decision" was the moving force behind Defendants' alleged

---

[2] *See infra* at pp. 4—5.

[3] Plaintiff's cause of action, with respect to Sheriff Gautreaux, arises under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

2

constitutional and/or federal statutory violations. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). Therefore, in order to withstand Sheriff Gautreaux's Motion to Dismiss, Plaintiff's Complaint must adduce facts of: (1) "[a] persistent, widespread practice . . . so common and well settled as to constitute . . . municipal policy" and (2) Sheriff Gautreaux's actual or constructive knowledge thereof. *Id*.

Plaintiff's Complaint adduces neither. Furthermore, its only three references to municipal policy, (*see* Doc. 1 at p. 8, ¶¶ 23—25), are nothing more than "conclusory allegations . . . masquerading as factual" assertions, *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Accordingly, Sheriff Gautreaux's Motion to Dismiss is **GRANTED**, and Plaintiff's claims against him are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6).

> **B.** **Defendants' Rule 12(b)(5) Motion To Dismiss is Denied, Prior Service on Defendants is Quashed, and Plaintiff is Afforded 21 Days to: (a) Amend His Complaint and (b) Effectuate Service of Process Consistent With This Ruling and Order.**

Service, in this case, is complicated by the fact that Defendants are municipal officers sued in both their individual and official capacities. That is, Defendants must be served in both their individual capacities pursuant to Rule 4(e) and their official capacities pursuant to Rule 4(j)(2). *Moore v. Hosemann*, 591 F.3d 741, 746—47 (5th Cir. 2009); Mark R. Brown, *Serving State Officers in Official-Capacity Suits: Is Mail an Option?*, 31 St. Louis U. Pub. L. Rev. 383, 392—94 (2012). Establishing that he

3

has properly effectuated service upon each defendant is Plaintiff's burden to bear. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Plaintiff asserts that Defendants were served in their official capacities pursuant to Rule 4(j)(2)(B), which permits a municipality[4] to be served "in the manner prescribed by that state's law . . . ." (*See* Doc. 21). More specifically, Plaintiff asserts that Defendants were served pursuant to LA. CODE CIV. PROC. art. 1265, which states, *inter alia*, that "[a] public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion." *Id.*

After a careful review of the record, the Court finds that Plaintiff has failed to establish that Defendants were properly served pursuant to LA. CODE CIV. PROC. art. 1265. According to said article, a defendant sued in his official capacity must be personally served at his office unless he is absent from work. *See* LA. CODE CIV. PROC. art. 1265. Yet Plaintiff does not assert that he failed to personally serve Defendants because *they* were absent from work. (*See* Docs. 13—17); (*See* Doc. 21-2). Rather, he asserts that he failed to personally serve Defendants because the East Baton Rouge Parish Sheriff was absent from work. (*See* Doc. 21-2). This, LA. CODE CIV. PROC. art. 1265 will not permit.

Plaintiff has further failed to serve Defendants in their individual capacities pursuant to Rule 4(e), as is required where, as here, Defendants are sued in *both* their official and individual capacities. *See supra* at p. 3.

---

[4] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

4

Finding, however, that Plaintiff's service-related shortcomings are both unintentional and curable, the Court holds that Defendants' **Motion to Dismiss (Doc. 19)** is **DENIED**, prior service on Defendants is **QUASHED**, and Plaintiff is afforded **21 days** to: (a) amend his complaint and (b) effectuate service of process consistent with this Ruling and Order. *See George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam); *Albo v. Suzuki Motor Corp.*, No. 308-0139, 2008 WL 2783508, at *1 (W.D. Tex. July 2, 2008). Plaintiff's amended complaint shall specifically identify the constitutional and statutory provisions that each defendant is alleged to have violated and the specific acts underlying said violations. The complaint is, as written, insufficient. (*See, e.g.*, Doc. 1 at p. 11, ¶ 34—35) (wherein Plaintiff asserts that the conduct of unnamed Defendants violated Plaintiff's unidentified "statutory civil rights").

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Sheriff Gautreaux's **Motion to Dismiss (Doc. 9)** is **GRANTED**, and Plaintiff's claims against him are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6).

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss (Doc. 19)** is **DENIED**, prior service on Defendants is **QUASHED**, and Plaintiff is afforded **21 days** to: (a) amend his complaint and (b) effectuate service of process consistent with this Ruling and Order. Plaintiff's amended complaint shall specifically identify

the constitutional and statutory provisions that each defendant is alleged to have violated and the specific acts underlying said violations.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Gerrica Smith are **DISMISSED WITHOUT PREJUDICE**[5] for failure to prosecute pursuant to LR 41(b)(1)(A).

Baton Rouge, Louisiana, this 3rd day of January, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] *See* Doc. 10 (wherein the magistrate judge, *inter alia*, warned Plaintiff that if Defendant Gerrica Smith was not served on or before October 8, 2015, all claims against him would be dismissed pursuant to LR 41(b)(1)(A), absent good cause shown); LR 41(b)(1)(A) ("A civil action may be dismissed by the Court for lack of prosecution . . . [w]here no service of process has been made within 120 days after filing of the complaint."); Doc. 12 at p. 2 (wherein Plaintiff admitted, by omission, that Defendant Gerrica Smith had not, by October 8, 2015, been served).